MARK D. PETERSON (State Bar #126174)
CATES PETERSON LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180
Facsimile: (949) 724-1190
Email: markpeterson@catespeterson.com

Attorneys for Plaintiff
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiff,<br>v.<br>SALESFORCE.COM, INC., a Delaware corporation; and DOES 1 through 30, Inclusive,<br><br>Defendants. | CASE NO.: 3:20-cv-9443<br><br>COMPLAINT FOR:<br><br>(1) DECLARATORY RELIEF – NO DUTY TO DEFEND UNDERLYING ACTIONS;<br><br>(2) EQUITABLE REIMBURSEMENT OF FEES, COSTS, AND EXPENSES PAID BY TRAVELERS TO DEFEND UNDERLYING ACTIONS (*BUSS V. SUPERIOR COURT*); AND<br><br>(3) DECLARATORY RELIEF – NO DUTY TO INDEMNIFY IN UNDERLYING ACTIONS |

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

Plaintiff Travelers Property Casualty Company of America ("Travelers") pleads as follows:

## GENERAL ALLEGATIONS

### Jurisdiction and Venue

1. This Court has original subject matter jurisdiction because complete diversity exists between the plaintiff, a Connecticut corporation with its principal place of business and main administrative offices in Hartford, Connecticut, and defendant, a Delaware corporation with its principal place of business in San Francisco, California. 28 U.S.C. §1332(a) and (c).  In addition, the amount in controversy exceeds $75,000.  28 U.S.C. §1332(a).

2. This Court has personal jurisdiction over the defendant because it has a continuous, systematic, and substantial presence within this judicial district.  Venue is proper in this judicial district pursuant to 28. U.S.C. §1391(b) and (c).

### Introductory Statement

3. Plaintiff Travelers insured defendant Salesforce.com, Inc. ("Salesforce") with several commercial liability and commercial excess (umbrella) insurance policies.  Salesforce is a software company which has been sued in seven lawsuits in Texas for its alleged violation of two Texas statutes which outlaw the promotion of prostitution.  In each of the seven lawsuits, the plaintiff alleges that she is the victim of sex trafficking and compelled prostitution.  Each plaintiff alleges that Salesforce is liable to her for damages because it made this possible by its knowing support of the venture with its "technology tools, operational tools, operational support, and platform."

4. Salesforce tendered each of the seven lawsuits to Travelers for defense. Travelers agreed to defend and has defended Salesforce, while denying coverage and reserving its right to bring this action.  Travelers seeks declaratory relief that it owes no such defense and, in the second claim for relief, seeks reimbursement of the money it has spent so far defending Salesforce in the lawsuits which include only claims for

violations of the Texas sex statutes.  In its third claim for relief, Travelers seeks a declaration that it does not cover any judgment which results in any of these lawsuits.

**The Parties**

5.  Plaintiff Travelers Property Casualty Company of America is a Connecticut corporation with its principal place of business and main administrative offices in Hartford, Connecticut.  At all times material to this lawsuit, Travelers was authorized to conduct the business of a liability insurance company in the state of California and was doing so.

6.  Plaintiff alleges on information and belief that at all times material to this lawsuit defendant Salesforce.com, Inc. was a Delaware corporation with its principal place of business in San Francisco, California.

7.  Travelers does not know the true names of defendants "Does" 1 through 30 and therefore sues them under these fictitious names.  Travelers is informed and believes that these defendants are others with an interest in whether Travelers has a duty to defend Salesforce here in the underlying actions.  "Does" 1 through 15 are plaintiffs in the underlying actions who seek to be judgment creditors of Salesforce.  Travelers will amend this complaint to name these defendants when their true names are ascertained.

**The Travelers Insurance Policies**

8.  Travelers insured Salesforce with the following primary and excess / umbrella commercial liability insurance policies:

| TERM | PRIMARY POLICY NUMBER | LIMITS |
|---|---|---|
| 6/1/12-6/1/13 | HJ-GLSA-163D1207-TIL-12 | $1M OCC/$2M AGG |
| 6/1/13-6/1/14 | HJ-GLSA-163D1207-TIL-13 | $1M OCC/$2M AGG |
| 6/1/14-6/1/15 | HJ-GLSA-163D1207-TIL-14 | $1M OCC/$2M AGG |
| 6/1/15-6/1/16 | HJ-GLSA-163D1207-TIL-15 | $1M OCC/$2M AGG |

| TERM | PRIMARY POLICY NUMBER | LIMITS |
|---|---|---|
| 6/1/16-6/1/17 | H-660-1F210293-TIL-16 | $1M OCC/$2M AGG |
| 6/1/17-6/1/18 | H-660-1F210293-TIL-17 | $1M OCC/$2M AGG |
| 6/1/18-6/1/19 | H-660-1F210293-TIL-18 | $1M OCC/$2M AGG |
| **TERM** | **UMBRELLA POLICY NUMBER** | **LIMITS** |
| 6/1/12-6/1/13 | HSMJ-CUP-163D1219-TIL-12 | $25M |
| 6/1/13-6/1/14 | HSMJ-CUP-163D1219-TIL-13 | $25M |
| 6/1/14-6/1/15 | HSMJ-CUP-163D1219-TIL-14 | $25M |
| 6/1/15-6/1/16 | HSMJ-CUP-163D1219-TIL-15 | $25M |
| 6/1/16-6/1/17 | HSM-CUP-1F210293-TIL-16 | $25M |
| 6/1/17-6/1/18 | HSM-CUP-1F210293-TIL-17 | $25M |
| 6/1/18-6/1/19 | CUP-0L258396-18-I3 | $25M |

**The Underlying Actions, The Tenders to Travelers and Travelers' Agreement to Defend Under a Full Reservation of Rights**

9. Salesforce has been sued in the following actions:

| No. | Action Name | Venue |
|---|---|---|
| 1 | Jane Doe #4, a sex trafficking survivor v. Salesforce.com, Inc., et al. | District Court, 157th Judicial District, Harris County, Texas, Cause No. 2018-12747 |
| 2 | Jane Doe #8 v. Salesforce.com, Inc., et al. | Nueces County, Texas, Cause No. 2018-cv-61041 |
| 3 | Janiece Charlez, as Representative on Behalf of the Estate of Natalie Irene Fisher v. Plainfield Inn, etc., et al. | District Court, 190th Judicial District, Harris County, Texas, Cause No. 2018-15356 |

3
COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

| No. | Action Name | Venue |
|---|---|---|
| 4 | Jane Doe #12 v. Backpage.com, LLC, et al. | Harris County, Texas, Cause No. 2019-61706 |
| 5 | Jane Doe #7 v. Backpage.com, LLC, et al. | District Court, 165th Judicial District, Harris County, Texas, Cause No. 2018-32490 |
| 6 | Jane Doe (D.R.) v. Backpage, com, LLC and Salesforce.com, Inc. | Harris County, Texas, Cause No. 201-88915 |
| 7 | Jane Doe T.H.P.  Vs. Salesforce.com, Inc. and Backpage.com, LLC | Harris County, Texas, Cause No. 202070302 |

These seven actions are referred to here as "the Underlying Actions."

10.  The controlling pleading in five of the seven Underlying Actions is titled "Plaintiff's Third Amended Petition"; the case brought by Janiece Charlez, as Representative on Behalf of the Estate of Natalie Irene Fisher, is titled "Plaintiff's Fourth Amended Petition" and that brought by Jane Doe T.H.P. is titled "Plaintiff's Original Petition."  Following pleading skirmishes in the Underlying Actions, as against Salesforce, as of October 14, 2020, the seven controlling pleadings have been stripped down to two claims titled:

**(1)** First Cause Of Action – Violation Of Texas Civil Practice & Remedies Code §98A;[1] and

---

[1] Sec. 98A.002 of the Texas Civil Practice & Remedies Code states, in pertinent part:

(a) A defendant is liable to a victim of compelled prostitution, as provided by this chapter, for damages arising from the compelled prostitution if the defendant:

(1) engages in compelling prostitution with respect to the victim;

(2) knowingly or intentionally engages in promotion of prostitution, online promotion of prostitution, aggravated promotion of prostitution, or aggravated online promotion of prostitution that results in compelling prostitution with respect to the victim . . .

1  **(2)** Second Cause Of Action – Violation Of Texas Civil Practice & Remedy Code §98.[2]

11. The statutes under which these two claims are brought are referred to here as "the Texas Sex Statutes." Salesforce is accused only of intentional, i.e. non-accidental, wrongful conduct and, moreover, one cannot violate the Texas Sex Statutes by accident. Each plaintiff accuses Salesforce of harming her by knowingly and intentionally participating in and benefitting from her coerced prostitution, criminal sex trafficking. The controlling pleading in each of the Underlying Actions is substantively identical to the others.

12. Salesforce tendered each of the Underlying Actions to Travelers for defense and indemnity. Travelers has advised Salesforce that there is no coverage under the foregoing Travelers policies for the damages sought in the Underlying Actions but has agreed to defend Salesforce in each action subject to a complete reservations of its rights, including reservations of its right to seek this declaratory relief, to withdraw from the defense, and to seek reimbursement of the fees, costs, and expenses of defense. Travelers has been paying to fund that defense. The defense which Travelers has been funding has been with independent counsel chosen by Salesforce.

**FIRST CLAIM FOR RELIEF:**
**FOR DECLARATORY RELIEF – NO DUTY TO DEFEND UNDERLYING ACTIONS**
**(Against All Defendants)**

13. Travelers incorporates the allegations of paragraphs 1 through 12 here as if

---

[2] Section 98.002(a) of the Texas Civil Practice & Remedies Code states:

A defendant who engages in the trafficking of persons or who intentionally or knowingly benefits from participating in a venture that traffics another person is liable to the person trafficked, as provided by this chapter, for damages arising from the trafficking of that person by the defendant or venture.

5
COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

1  restated.

2  14.  Travelers has been defending Salesforce in the Underlying Actions since
3  they were tendered to Travelers.

4  15.  Salesforce continues to demand that Travelers pay for its defense in the
5  Underlying Actions.

6  16.  Travelers contends that it does not owe Salesforce a defense in the
7  Underlying Actions, effective October 14, 2020, when each action was amended to
8  solely include claims brought under the Texas Sex Statutes, which claims are based
9  wholly upon Salesforce's alleged *knowing* wrongful acts.  One cannot violate the
10 Texas Sex Statutes by accidence, nor do the plaintiffs allege any such thing.  If
11 Salesforce is found liable for its alleged acts, it won't have coverage from Travelers
12 for the resulting judgment.  Thus, since there is no potential coverage for Salesforce
13 from Travelers for the remaining claims, Travelers is not obligated to continue
14 defending Salesforce in the Underlying Actions.

15 17.  Travelers contends that the Court should declare that effective October 14,
16 2020, Travelers no longer owes Salesforce a defense in any of the Underlying Actions
17 and that it may immediately stop paying.  Travelers is entitled to this declaration
18 because:

19    **(1)** the claims asserted in the Underlying Actions do not satisfy any of the
20    insuring agreements in the Travelers policies: they allege no "bodily injury" or
21    "property damage" *caused by an "occurrence," i.e. by "an accident"*;

22    **(2)** they allege no "personal injury" or "advertising injury" as those terms
23    are defined;

24    **(3)** even if the Underlying Actions alleged anything which satisfied an
25    insuring agreement, any such arguable coverage would be barred: **(a)** by
26    California Insurance Code § 533 and California Civil Code § 1668, each of
27    which bars coverage for willful acts like those alleged in the Underlying
28    Actions, and/or **(b)** by the policy exclusions for bodily injury **(i)** "expected or

6
COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

intended" from the standpoint of Salesforce and/or **(ii)** arising out of "personal injury," and/or **(c)** by the policy exclusions for "personal injury" from **(i)** the knowing violation of the rights of another and/or **(ii)** criminal acts.

18. Travelers is informed and believes and, on that basis, alleges that Salesforce and the other defendants contend to the contrary as to each of these matters.

19. Declaratory relief is appropriate and necessary, and the Court should exercise its jurisdiction over this matter because Travelers has no other plain, speedy, and/or adequate remedy at law.

20. For the reasons stated above, Travelers requests that the Court enter an order and judgment declaring that, since October 14, 2020, Travelers has not been obligated to defend Salesforce in the Underlying Actions under any of the policies it issued to Salesforce and, therefore, Travelers may immediately stop paying for its defense in each of them.

**SECOND CLAIM FOR RELIEF:**
**EQUITABLE REIMBURSEMENT OF FEES,**
**COSTS, AND EXPENSES PAID BY TRAVELERS**
**TO DEFEND UNDERLYING ACTIONS**
(*BUSS V. SUPERIOR COURT*)
**(Against All Defendants)**

21. Travelers incorporates the allegations of paragraphs 1 through 12 and 14 through 20 here as if restated.

22. Travelers has paid substantial sums for the attorneys' fees, costs, and expenses of defending Salesforce in the Underlying Actions. Travelers did so in response to Salesforce's demand that it do so.

23. Travelers provided this defense pursuant to a full reservation of its rights, including an express reservation of the right to seek reimbursement of all amounts Travelers paid toward Salesforce's defense.

24.  Travelers further contends that it has properly reserved its right to seek reimbursement of the defense fees, costs, and expenses it has incurred defending Salesforce and, therefore, under the holding of *Buss v. Superior Court,* 16 Cal. 4th 35 (1997), Travelers is entitled to a judgment against Salesforce for reimbursement of all sums Travelers has spent defending it in the Underlying Actions from October 14, 2020, according to proof at trial.  Travelers is informed and believes and, on that basis alleges, that this amount exceeds $75,000.

25.  Inasmuch as Travelers was not obligated to pay any of the fees, costs, or expenses to defend Salesforce in the Underlying Actions since October 14, 2020, Salesforce and the "Doe" defendants have been unjustly enriched.  Under *Buss v. Superior Court*, 16 Cal. 4th 35 (1997), Travelers has a right of equitable reimbursement that is implied in law as quasi-contractual to receive reimbursement of all defense fees, costs, and expenses which it paid to defend Salesforce in the Underlying Actions from the time it was not obligated to do so, October 14, 2020.

26.  Travelers seeks a monetary judgment from Salesforce and "Does," jointly and severally, for all amounts which Travelers paid to defend Salesforce in the Underlying Actions from October 14, 2020.

### THIRD CLAIM FOR RELIEF:
### FOR DECLARATORY RELIEF – NO DUTY TO INDEMNIFY UNDERLYING ACTIONS
### (Against All Defendants)

27.  Travelers incorporates the allegations of paragraphs 1 through 12 and 14 through 20 here as if restated.

28.  Travelers contends that any judgment entered against Salesforce in any of the Underlying Actions is not covered under any of the Travelers policies for each of the reasons stated above.  Travelers is informed and believes and, on that basis, alleges that Salesforce and the other defendants contend to the contrary.

29.  Travelers requests that the Court enter an order and judgment declaring that

Travelers is not obligated to pay any judgment entered against Salesforce in any of the Underlying Actions under any of the policies it issued to Salesforce.

**PRAYER**

Wherefore, Travelers prays for an order and declaratory judgment against all defendants and a monetary award against Salesforce and "Does" as follows:

**First Claim for Relief: For Declaratory Relief – No Duty To Defend Underlying Actions**

1.  For a declaration that, from October 14, 2020, Travelers had and has no duty to defend Salesforce in each of the Underlying Actions, under any of the insurance policies listed above, and that it may immediately stop paying for its defense in each of them;

**Second Claim for Relief: For Equitable Reimbursement Of Fees, Costs, And Expenses Paid By Travelers To Defend Underlying Actions (*Buss v. Superior Court*)**

2.  For a monetary award against Salesforce and "Does," jointly and severally, for all amounts which Travelers paid to defend Salesforce in the Underlying Actions from October 14, 2020, which amounts will be proven at trial;

**Third Claim for Relief: For Declaratory Relief – No Duty To Indemnify Underlying Actions**

3.  For a declaration that Travelers is not obligated to pay any judgment entered against Salesforce in any of the Underlying Actions under any of the policies it issued to Salesforce:

**All Causes of Action**

4. For costs of suit;

5. For all other relief which the Court finds just and proper.

Dated: December 30, 2020

                                        Respectfully submitted,

                                        /s/ Mark D. Peterson
                                    MARK D. PETERSON
                                    Of CATES PETERSON LLP
                                    Attorneys for Plaintiff
                                    TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT