UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SALESFORCE.COM, INC.,<br><br>　　　　Defendant. | Case No. 20-cv-09443-VC<br><br>**ORDER GRANTING MOTION TO DISMISS DUTY TO DEFEND CLAIM; DISMISSING WITHOUT PREJUDICE REMAINING CLAIMS**<br><br>Re: Dkt. No. 18 |

　　Salesforce's motion to dismiss Travelers' claim for declaratory relief that Travelers has no duty to defend in the Texas state court litigation is granted. Travelers has a duty to defend Salesforce in any lawsuit where the underlying factual allegations create potential liability for conduct covered by the insurance policy. *See Montrose Chemical Corporation of California v. Superior Court*, 6 Cal. 4th 287, 299-300 (1993). This duty continues until Travelers can conclusively establish that the nature of the lawsuit and the claims that may be brought in the lawsuit fall outside the scope of coverage. *See id.* at 300. Given that all parties agree that Salesforce's negligent conduct is covered by the policy, and considering the early stage of the Texas state court litigation, Travelers cannot show that there is no potential for coverage. The facts underlying the Texas litigation could support claims for negligence—indeed, the Texas plaintiffs originally brought negligence claims. Moreover, Salesforce, in defending itself in the Texas litigation, might be able to show that it acted only negligently and not intentionally or knowingly, which could also create a potential for coverage. *See Gray v. Zurich Insurance Co.*, 65 Cal. 2d 263, 277 (1966). Travelers thus has a continuing duty to defend. The dismissal of this

claim is without prejudice to Travelers seeking reimbursement of defense costs at the close of the Texas litigation.

As to Travelers' claims relating to indemnification and reimbursement, Salesforce is correct that these claims are premature because the Texas state court litigation has not yet concluded. *See First Mercury Insurance Co. v. Great Divide Insurance Co.*, 203 F. Supp. 3d 1043, 1053-54 (N.D. Cal. 2016); *Tamrac, Inc. v. California Insurance Guarantee Association*, 63 Cal. App. 4th 751, 759 (1998). Indeed, Salesforce would be entitled to a stay of Travelers' indemnification claim because the factual question of whether Salesforce acted negligently, which is conduct covered under the insurance policy, or intentionally and knowingly, which is conduct not covered under the insurance policy, is at the heart of both this lawsuit and the Texas state court litigation. *See Great American Insurance Co. v. Superior Court*, 178 Cal. App. 4th 221, 235-36 (2009). However, because both this indemnification claim and the reimbursement claim are not yet ripe, these claims will be dismissed without prejudice to Travelers renewing them at the close of the Texas litigation. *See Western World Insurance Co. v. County of Hawaii*, 2008 WL 2073494, at *2-4 (D. Haw. May 15, 2008); *see also First Mercury Insurance*, 203 F. Supp. 3d at 1053-54; *Kaiser Foundation Health Plan, Inc. v. Hawaii Life Flight Corporation*, 2017 WL 1534193, at *22-24 (D. Haw. Apr. 27, 2017).

The case is thus dismissed without prejudice.[1]

**IT IS SO ORDERED.**

Dated: April 13, 2021

VINCE CHHABRIA
United States District Judge

---

[1] Salesforce's request for judicial notice is granted.